13-3891-cv
*VIP Engineering and Marketing Ltd v. Standard Chartered Bank*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand fourteen.

PRESENT:   JOSÉ A. CABRANES,
           RICHARD C. WESLEY,
           PETER W. HALL,
                    *Circuit Judges.*

---

VIP ENGINEERING AND MARKETING LTD,

     *Plaintiff-Appellee,*

       v.                                                                No. 13-3891-cv

STANDARD CHARTERED BANK,

     *Defendant-Appellant.*

---

**FOR DEFENDANT-APPELLANT:**        RICHARD F. HANS, Cary B. Samowitz, DLA Piper LLP, New York, NY, and Courtney Gilligan Saleski, DLA Piper LLP, Philadelphia, PA.

**FOR APPELLEE:**        S. CHRISTOPHER PROVENZANO, Joel M. Miller, Kerrin T. Klein, Miller & Wrubel P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Victor Marrero, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Standard Chartered Bank ("SCB") appeals from the District Court's September 10, 2013 judgment, dismissing the complaint on *forum non conveniens* ("FNC") grounds. SCB also appeals two orders entered by the District Court on September 23, 2013 and October 4, 2013, which, respectively, found SCB to have consented to four conditions associated with the complaint's dismissal and estopped SCB from withdrawing that consent. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

It is well settled that "[t]o secure dismissal of an action on grounds of *forum non conveniens*, a movant must demonstrate the availability of an adequate alternative forum." *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 157 (2d Cir. 2005). We have previously held that a District Court dismissing on FNC grounds is permitted to condition such a dismissal on a waiver of jurisdictional and limitations defenses in the foreign forum. *See Figueiredo Ferraz E Engenharia de Projeto Ltda. v. Republic of Peru*, 665 F.3d 384, 394 n.12 (2d Cir. 2011). As Judge Newman put the point:

> The Supreme Court has explicitly left open the question of whether a court dismissing on the ground of FNC without ruling on subject matter jurisdiction may condition the dismissal on waiver of jurisdictional and limitations defenses in the foreign forum. . . . Until authoritatively advised that this practice is impermissible, we will continue to approve such waivers[.]

*Id.* (internal citations omitted). Thus, it is undisputed that dismissals on FNC grounds, conditioned on the consent of the party moving for dismissal to waiver of jurisdictional and limitations defenses, are permissible in the Second Circuit.

In this case, the District Court found that "Standard Chartered, through its counsel, previously represented to the Court that it considered Tanzania as an adequate alternative forum *and would consent to jurisdiction in Tanzania*." J.A. 119 (emphasis added). Therefore, based upon the specific factual history of this case, the District Court's reliance on SCB's oral and written expressions of consent in granting SCB's motion to dismiss on FNC grounds was not clear error.

We have considered the arguments raised by SCB on appeal and find them to be without merit. For the reasons stated above, the District Court's rulings on September 10, 2013, September 23, 2013, and October 4, 2013 are **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court